**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IRMA MERCER, | ) | No. SACV 06-675 (CW) |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

#### I.  BACKGROUND

Plaintiff Irma Mercer was born on March 30, 1951, and was fifty-four years old at the time of her administrative hearing. [Administrative Record ("AR"), 60, 393.]  She has a tenth grade education and past relevant work experience as a machine operator and

1

shipping/packing clerk. [AR 67, 72.]  Plaintiff alleges disability on the basis of bilateral carpal tunnel syndrome. [AR 63.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on July 25, 2006.  On May 14, 2007, defendant filed an answer and plaintiff's Administrative Record ("AR").  On July 19, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") under Title II of the Social Security Act on April 7, 2004, alleging disability since April 19, 2002. [JS 1.]  After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on October 18, 2005, before Administrative Law Judge ("ALJ") Keith Dietterle. [AR 393.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff, medical expert Alanson Mason, and vocational expert Kelly Winn-Boaitey. [Id.] The ALJ denied benefits in a decision dated January 27, 2006. [AR 21.] When the Appeals Council denied review on May 2, 2006, the ALJ's decision became the Commissioner's final decision. [AR 5.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject

2

the finding and set aside the decision to deny benefits.  <u>See</u> <u>Aukland</u> <u>v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir.  2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada</u> <u>v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." <u>Id</u>.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Id</u>.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

## V.  <u>DISCUSSION</u>

### A.   THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

3

1    Step two: Does the claimant have a "severe" impairment?
2    If so, proceed to step three.  If not, then a finding of not
     disabled is appropriate.
         Step three: Does the claimant's impairment or
3    combination of impairments meet or equal an impairment
     listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
4    so, the claimant is automatically determined disabled.  If
     not, proceed to step four.
5        Step four: Is the claimant capable of performing his
     past work?  If so, the claimant is not disabled.  If not,
6    proceed to step five.
         Step five: Does the claimant have the residual
7    functional capacity to perform any other work?  If so, the
     claimant is not disabled.  If not, the claimant is disabled.
8

9    Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

10   April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107

11   S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20

12   C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or

13   "not disabled" at any step, there is no need to complete further

14   steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

15       Claimants have the burden of proof at steps one through four,

16   subject to the presumption that Social Security hearings are non-

17   adversarial, and to the Commissioner's affirmative duty to assist

18   claimants in fully developing the record even if they are represented

19   by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at

20   1288.  If this burden is met, a prima facie case of disability is

21   made, and the burden shifts to the Commissioner (at step five) to

22   prove that, considering residual functional capacity ("RFC")[1], age,

23

24       [1]  Residual functional capacity measures what a claimant can
     still do despite existing "exertional" (strength-related) and
25   "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155
     n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
26   work without directly limiting strength, and include mental, sensory,
     postural, manipulative, and environmental limitations.  Penny v.
27   Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155
     n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
28   nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,

                                  4

education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had "severe" impairments, namely carpal tunnel syndrome status post bilateral carpal tunnel release, status post right dorsal compartment release, residual DeQuervain's syndrome in the right hand, ganglion cyst on the right hand, tendinitis of the elbows, and cervical spine/strain (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three).  [AR 15-16.]  Plaintiff was found to have an RFC for light work. [AR 16.]  The vocational expert testified that plaintiff's RFC would not preclude her from returning to her past relevant work as a machine operator and shipping/receiving clerk (step four). [AR 19.]  Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [<u>Id.</u>]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies three disputed issues:

1.   Whether the ALJ properly considered plaintiff's testimony;

2.   Whether the RFC assessment was supported by substantial evidence; and

3.   Whether the ALJ improperly relied upon the testimony of the vocational expert.

[JS 3.]

───────────────

765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1        As discussed below, Issue Three is dispositive.

2        **D.    ISSUE THREE: THE STEP FOUR FINDING**

3        In April 2002, after working for more than twenty years as a

4   shipping/receiving clerk and machine operator, plaintiff reported

5   difficulty handling objects as a result of soreness in her thumbs and

6   numbness in other fingers. [AR 121, 122.]  Plaintiff was diagnosed

7   with bilateral carpal tunnel syndrome. [AR 126.]  In November 2002,

8   plaintiff underwent a carpal tunnel release and tenosynovectomy on her

9   right hand. [AR 136.]  In February 2003, she underwent a carpal tunnel

10  release on her left hand. [AR 128.]  During the postoperative period,

11  plaintiff underwent physical therapy, and was rated as temporarily

12  totally disabled until May 2003 for worker's compensation purposes.

13  [AR 152-53.]  In January 2004, Dr. Ronald Schilling completed a

14  permanent and stationary report based upon an examination of plaintiff

15  and a review of her medical records. [AR 195-201.]  Dr. Schilling

16  restricted plaintiff from any repetitive fine motor work, power

17  gripping or constant lifting of heavy objects; plaintiff would also

18  need rest periods from typing and sorting. [AR 199.]

19       Prior to the administrative hearing, plaintiff filled out a Work

20  History Report detailing the functions of her job as a machine

21  operator. [AR 72-73.]  Plaintiff stated that she operated machines,

22  changed dyes and colors, filled out forms and packed the product; she

23  also indicated that she was required to handle, grab or grasp big

24  objects two hours per workday. [AR 73.]  During the administrative

25  hearing, plaintiff testified that she could no longer work as a

26  machine operator because "My hands can take no more" and the job

27  required "a lot of grabbing." [AR 423.]

28       Medical expert Mason testified that plaintiff had the functional

                                   6

1  capacity, based in part on Dr. Schilling's opinion, for light work
2  with additional limitations to simple grasping, occasional pushing and
3  pulling, no repetitive fine manipulation or repetitive power gripping
4  with either hand, and occasional fine manipulation with either hand.
5  [AR 432-33.]   The ALJ adopted the medical expert's functional capacity
6  assessment, noting that Dr. Schilling's opinion conformed with his
7  findings. [AR 18, 19.]   Based on this RFC, plaintiff was found capable
8  of returning to her past relevant work as either a machine operator or
9  shipping/receiving clerk. [AR 19.]   Plaintiff contends that the ALJ's
10 RFC finding renders her unable to perform either of her past
11 occupations. [JS 15, 16.]

12      A claimant is "not disabled" if she retains the residual
13 functional capacity to perform the "actual functional demands and job
14 duties of a particular past relevant job" or the "functional demands
15 and job duties of the occupation as generally required by employers
16 throughout the national economy."   Social Security Ruling ("SSR")
17 82-61, 1982 WL 31387, at *2; see also Villa v. Heckler, 797 F.2d 794,
18 798 (9th Cir. 1986)("The claimant has the burden of proving an
19 inability to return to his former type of work and not just to his
20 former job.").   There are two sources of information that may be used
21 to define a claimant's past relevant work as it was actually
22 performed:  a properly completed vocational report, and the claimant's
23 own testimony.   Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001)
24 (citing SSR 82-61 and 82-41, 1982 WL 31389 at *4).   Information from
25 the Dictionary of Occupational Titles ("DOT"), or the testimony of a
26 vocational specialist, may be used to ascertain the demands of an
27 occupation as generally required by employers in the national economy.
28 SSR 82-61, 1982 WL 31387 at *2; Villa, 797 F.2d at 798.   Without

7

regard to which source of job information is used, the ALJ is required to make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." Pinto, 249 F.3d at 845 (citing SSR 82-62, 1982 WL 31386 at *3-4).

Here, the only issue in dispute is whether plaintiff is functionally capable of returning to her job as a machine operator as she actually performed it.[2] [JS 13-18.] Information regarding plaintiff's past job duties was provided through the Work History Report and testimony provided by plaintiff. See Pinto, 249 F.3d at 845. As noted above, in the Work History Report, plaintiff stated that she handled, grabbed or grasped big objects two hours per day; during the hearing, however, she testified that the job required "a lot of grabbing." To the extent that these statements are ambiguous regarding the actual functional demands of plaintiff's past relevant occupation, they could not be relied upon to find plaintiff capable of returning to her job as machine operator; the opinion does not contain the necessary findings regarding the specific demands of that job which were likely to cause stress to plaintiff's upper extremities.

---

[2] There appears to be no dispute that plaintiff's RFC precludes her from performing the machine operator job as it is generally performed in the national economy. A review of the record supports this conclusion, as plaintiff's restriction from repetitive fine manipulation and power gripping conflicts with the job's requirements of "frequent" reaching and handling. See DOT 679.685-010 (Machine Operator). The parties also agree that plaintiff's RFC for light work precludes her from returning to her job as a shipping/receiving clerk, as generally or actually performed, based on its classification as medium work in the DOT and plaintiff's statement that she lifted as much as fifty pounds and frequently lifted twenty-five pounds while performing this job. [AR 74, DOT 222.387-050 (Shipping and Receiving Clerk).]

Nor is there any specific consideration of the interaction of the limiting effects of plaintiff's impairments and the physical and mental demands of her past relevant work to determine whether she can still do that work.  See Pinto, 249 F.3d at 844-45; SSR 82-62, 1982 WL 31386 at *3.  Under these circumstances, substantial evidence does not support the step four determination, and remand for reevaluation of that finding is required.

**E.    REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility).  However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id.  Here, as set out above, outstanding issues remain before a finding of disability can be made.  Accordingly, remand is appropriate.

1

## VI.   ORDERS

2       Accordingly, **IT IS ORDERED** that:

3       1.   The decision of the Commissioner is **REVERSED**.

4       2.   This action is **REMANDED** to defendant, pursuant to Sentence

5  Four of 42 U.S.C. § 405(g), for further proceedings as discussed

6  above.

7       3.   The Clerk of the Court shall serve this Decision and Order

8  and the Judgment herein on all parties or counsel.

9

10  DATED: September 18, 2007

11                              _____/S/_____
                                   CARLA M. WOEHRLE
12                              United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28